STOULIG, Judge
(dissenting).
It is the well-settled jurisprudence of this State that a motorist legally charged with the knowledge of the presence of children must exercise a high degree of care to avoid injuring them when they are in a potential position of peril. This duty involves the obligation to adjust the operation of a vehicle in anticipation of the unexpected and unpremeditated dangerous actions of children. However, even under this principle of law, there must be a failure to conform to the standards of conduct of a reasonable and prudent person confronted with a similar situation.
It is in the determination of the “highest degree of care” owed by Miss Harang to young Wayne Collins that I differ with the majority opinion. As I appreciate the import of their reasoning, Miss Harang in being aware of the close proximity of children to either side of her car and of their boisterous conduct was guilty of negligence when she put her automobile in reverse motion. No mention is made of any specific duty that she breached or of any course of action that she failed to pursue. It must therefore be concluded that the mere movement of her vehicle constituted negligence.
The duty imposed under this rationale is oppressive and unrealistic. Carried to its ultimate, she had the alternative of placing her automobile in motion and by so doing becoming the insurer against injury to any of the children, or alternatively that her car remain immobilized until such time as the activities of the more than 25 children in the area could be sufficiently restrained so as to prevent them from coming into contact with her automobile. The insurer concept runs counter to the jurisprudence *699 of this State and the immobilization theory is impractical. Literally, Miss Harang would become a captive motorist until the children dispersed and left the scene. I do not feel that the jurisprudence contemplated such an untenable projection of the duty of care owed the children.
After ascertaining that her path of travel was clear, Miss Harang put her car in reverse and permitted it to glide or drift down the incline of the driveway which she kept under continuous observation to discover the presence of any children. She successfully negotiated her backing movement until the rear of her car, had reached the street surface, at which moment the shouts of Mrs. Turner made her aware of the accident. The evidence clearly substantiates that the car did not strike the child but, rather, as the trial judge properly concluded, young Collins was pushed and fell causing his foot to be injured by either the rear or the front right wheel of the automobile. It should be noted that the accident occurred on the same side of the automobile on which Mrs. Turner was standing by the gate, which leads to the assumption that even if the passenger Miss Troncoso had been stationed outside of the car it would have been to no avail in preventing the accident.
I am of the opinion that Miss Harang acted as a prudent person in exercising every reasonable precaution at her disposal to protect the children from harm. She maintained the maximum control over the movement of her automobile, ascertained that the driveway area was clear of children, kept it under constant observation and safely negotiated her backing movement by easing her vehicle down the incline. She had no reason to anticipate that young Collins would fall beneath her car nor did she have available any means of preventing it.
For the foregoing reasons I respectfully dissent.